


1  Philip R. Green (Cal.St.B.No. 92389)
   Green & Green
2  1000 Fourth Street, Suite 595
   San Rafael, CA 94901
3  (415) 457-8300 Tel
   (415) 457-8757 Fax
4  Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA,

# SAN FRANCISCO DIVISION

GAMELINK, INC.,

    Plaintiff,

vs.

DVD ADVANTAGE, INC, dba
"GAMELINKK.COM" and DVD
EXPERIENCE, MICHAEL ROSMAN, and
JOHN LEVENTHAL

    Defendants

Case No. C 03 5469

COMPLAINT FOR TRADEMARK
INFRINGEMENT, CYBERSQUATTING
UNFAIR COMPETITION, PASSING OFF,
TRADEMARK DILUTION,
and for INJUNCTIVE RELIEF AND
DAMAGES.

## COMPLAINT

### COUNT 1
### Federal Trademark Infringement

1. Plaintiff, GAMELINK, Inc., is a corporation duly organized and existing under the laws of the State of California, and has its principal place of business at San Francisco, California.

2. Plaintiff is informed and believes, and on the basis of such information and belief alleges that DVD ADVANTAGE, INC. is a corporation duly organized and

existing under the laws of the State of California, No C2187646 and has its principal place of business in Chatsworth, California. This Defendant is acting in co-conspiracy with the other Defendants for the events cited herein.

3. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendant MICHAEL ROSMAN is President and, CEO or other officer of DVD ADVANTAGE, INC. and believed to be responsible and in co-conspiracy with the other Defendants, for the events cited herein.

4. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendant JOHN LEVENTHAL is the internet CTO (Chief Technology Officer), or other officer of DVD ADVANTAGE, INC., and believed to be responsible and in co-conspiracy with the other Defendants, for the events cited herein.

5. Plaintiff is informed and believes, and on the basis of such information and belief alleges that DVD EXPERIENCE is a fictitious business name and subsidiary of, or otherwise owned or controlled by DVD ADVANTAGE, INC, and is doing business as DVD Advantage and "gamelinkk.com" and believed to be responsible and in co-conspiracy with the other Defendants, for the events cited herein.

6. Defendants and each of them conspired with the others and are acting as the agent, servant, employee and authorized representative of the others in concert as and are believed to be responsible and in co-conspiracy with each other, for the events cited herein. All references to "Defendants" herein include all the defendants.

7. This action arises under the Federal Trademark Act *(15 U.S.C. §§ 1051-1127)*, as hereinafter more fully appears, and jurisdiction is based upon *15 U.S.C. § 1121* and *28 U.S.C. § 1338*.

8. Venue is proper in this District under *28 U.S.C. § 1391* because a substantial part of the events or omissions giving rise to the Claims herein occurred in this District, Defendants do extensive business in this district, Defendants corporations operate in every venue in this state and the effects of the acts alleged herein are substantially damaging Plaintiff in this District.

9. Plaintiff has been and now is extensively engaged in the business of marketing in interstate commerce a wide variety of adult entertainment products, and since 1993 has marketed entertainment on the internet under the trademark GAMELINK® using the URL "GAMELINK.COM." Said services have been widely advertised and extensively offered under this mark throughout the world, and the trademark GAMELINK has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services and its good will.

10. The United States Patent and Trademark Office on December 1, 1998 granted federal trademark registration to Plaintiff for the trademark GAMELINK ® for online sales of adult entertainment products as Registration Number 2206576. A true copy of said registration is attached hereto and made a part hereof as Plaintiff's Exhibit 1. Said registration is in full force and effect, is owned by Plaintiff and has become incontestable under *Lanham Act Section 15 (15 U.S.C. §1065)*. Plaintiff uses the registration symbol ® on its web site.

11. Because Plaintiff is primarily and exclusively using the Internet to attract customers, it depends exclusively for new customers and return business from

customers typing Plaintiff's URL into their web browsers and resulting in opening Plaintiff's web site.  A URL (Universal Resource Locator address) is an alpha – numeric indicator linked to a computer address. When a customer or potential customer types into a Web Browser the URL www.gamelink.com (with the correct spelling with one K) the browser opens a document (Web page) on Plaintiff's web site.

12. The URL GAMELINK.COM acts as the source indicator as well as an address for Plaintiff's services and thus the URL also is a service mark for Plaintiff. Plaintiff also places the mark GAMELINK on and in containers shipping goods and in advertising on the Internet, and Plaintiff spends millions of dollars every year to maintain its priority in search engines that look for the URL and for its extensive and complex website.  Customers diverted to Defendants site may never return and "word of mouth" causes further money damages.

13. Notwithstanding Plaintiff's well-known and prior common law, registered and statutory rights in the trademark GAMELINK, Defendants adopted and used the URL "gamelinkk.com" with an extra "k", in California and in interstate commerce for online sales of adult entertainment products.  This despite Plaintiff's extensive use of "GAMELINK.COM".  Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendants had actual, and extensive, notice of Plaintiff's website business and that Defendants imitated the Plaintiff's site and used this "KK" URL wilfully or did so with at least constructive notice of Plaintiff's federal registration rights under *15 U.S.C. § 1072*.

14. As Defendant advertises, it is a source, "For Adult DVDs and Porn Videos …." Said use of Plaintiff's registered trade mark constitutes trademark infringement

and causes likelihood of confusion, deception, and mistake. Customers who type the wrong spelling of Plaintiff's address with 2 k's go to Defendants and see basically what they were looking for.

15. Plaintiff is informed and believes, and on the basis of such information and belief alleges that the intent of Defendants and each of them registering the GAMELINK URL with 2 K's is to cause a common mistyping by the Plaintiff's customers returning or searching for GAMELINK.COM.

16. This registering of domain names that are intentional misspellings of distinctive or famous names is termed "Typosquatting". The acts of Defendants are Typosquatting of the most obvious type intended to use the good will established by Plaintiff and side track and defraud the buying public looking for Plaintiff. Customers who mistype GAMELIN<u>KK</u> would find what may look like a cheaper and of much less quality web site and selection of a fraction of what Plaintiff may offer. Plaintiff's customers who access the Defendants web site will not buy from Plaintiff. They are diverted from Plaintiff's web site and are accessing Defendants web site using what they are fraudulently led to believe is Plaintiff's through the misspelled URL.

17. Those customers Plaintiff believes, will find one or more DVDs they may buy from Defendants and may never return to the correct Game Link web site.

18. Defendants' cheaper appearance site selling what Plaintiff sells and using Plaintiff's mark GAMELINK® is a willful violation of the Lanham act in violation of *Section 32 (a)(1)* thereof and makes Defendants liable for willful and treble damages and for attorney fees and costs.

19. Defendant's internet activities are of a highly interactive type including online retail sales offered to and aimed at persons in this District, and having a great effect in this District where Plaintiff is located and is famous.

20. Defendant's acts of infringement of Plaintiff's registered trademark complained of hereinabove have been committed in the Northern District of California, San Francisco Division, within the jurisdiction of this Court. Defendant has advertised its online sales of adult entertainment products under the GAMELINKK.COM trademark in California, and has established a web site that directly competes in California and which is offering said products to the public. Defendants have sold or offered for sale in California and in interstate commerce online sales of adult entertainment products under the URL address GAMELINKK.COM, thus creating likelihood of confusion, deception, dilution and mistake.

21. Defendant has thus engaged in the transaction of business and the commission of tortious acts in California are violations of the unfair competition statutes of the California Business & Professions Code and common law.

22. Plaintiff has repeatedly requested Defendant to cease and desist from infringing Plaintiff's trademark GAMELINK, but Defendants have ignored said requests. Defendants have offered for sale the URL gamelinkk.com at an unreasonable price of thousands of dollars and thereby are trafficking in the URL.

23. Said acts of infringement have been and will continue to cause further irreparable injury to Plaintiff if defendant is not restrained by this Court from further violation of Plaintiff's rights, and Plaintiff has no adequate remedy at law.

24. An injunction will not prejudice Defendants because Defendants have the web site that they can assign to any Internet URL or address that does not infringe on Plaintiff's rights. This change can be accomplished within minutes.

25. Defendant's use in commerce of the designation GAMELINKK.COM in the marketing of online sales of adult entertainment products is an infringement of Plaintiff's registered trademark GAMELINK, in violation of *15 U.S.C. § 1114*(1).

## COUNT 2
## Liability under the Anti-Cybersquatting Consumer Protection Act (ACPA)

26. As its second ground for relief, Plaintiff repeats and realleges the paragraphs 1 through 25 of Count 1.

27. Defendants and each of them registered their Domain Name "gamelinkk.com" with 2 Ks to lure and defraud customers and take advantage of users looking for the services of Plaintiff who misspell Plaintiff's URL gamelink.com. This practice showing bad faith is termed "Typosquatting" and a violation of Plaintiff's rights to its trademark GAMELINK under *15 U.S.C. § 1125 (d)*.

28. The term 'domain name' means any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet.

29. Defendants and each of them registered the confusingly similar Domain Name "gamelinkk.com" in bad faith. It is almost identical to Plaintiffs registered trademark GAMELINK and to Plaintiff's business name Game Link, Inc. as well as Plaintiff's URL www.gamelink.com.

30. Defendants and each of them registered the Domain Name "gamelinkk.com" in bad faith with the intent to profit from Plaintiff's trademark GAMELINK and Plaintiff's URL "gamelink.com." Defendants offered Plaintiff to buy the offending URL for thousands of dollars, an amount that was rejected by Plaintiff.

31. Defendants are in bad faith by using Plaintiff's trademark to defraud the public and there is no bona fide offering of any goods or services under which Defendant needs or has any rights to use the words GAMELINK in the services Defendants provide.

32. Defendants are trafficking in the URL "gamelinkk.com" by including, but not limited to, creating their URL and having it direct users, pointing to Defendants adult web site selling essentially the same goods as Plaintiff causing not only "initial interest confusion" but also causing buyers to stay there, buy from Defendants and likely may never return to Plaintiff's site.

33. Defendants are trafficking n the URL "gamelinkk.com" by including, but not limited to offering it for sale to Plaintiff for an amount of thousands of dollars and far in excess of any reasonable transfer fees, set up costs or the like and ignoring Plaintiff's pleas to stop.

34. Defendants and each of them had no grounds to believe that it had any rights in its URL gamelinkk.com. It is believed to be Defendants intent to divert consumers from the Game Link's online location to a site accessible under the domain name "gamelinkk.com" that could harm the goodwill represented by the mark GAMELINK ®. Due to the nature of the adult online business, though it is a competitive the industry knows each other well. Game Link is very famous in this business community.

35. Plaintiff did not discover Defendants use of the URL gamelinkk.com until on or about October 1, 2003 and Plaintiff is informed and believes, the "gamelinkk" URL was registered on October 17, 2002.

36. Plaintiff registered its URL "gamelink.com" on or about March 16, 1995 for its web site. Plaintiff had, from 1993 to 1995, done business as GAMELINK on a BBS (online Bulletin Board Service) and then as GAMELINK on Telnet (Internet text-based data exchange and search services) prior thereto.

37. The Defendants' Domain Name "gamelinkk.com" consists of a very close misspelling of Plaintiff 's trademark GAMELINK and corporate name GAMELINK, INC. Defendants intend as a fraud to divert consumers from GAMELINK's web site to their web site by using this misspelled URL and to profit thereby in bad faith. A copy of a true and correct print of Defendants web site is attached hereto and made a part hereof as Exhibit 2.

## COUNT 3
### Federal Unfair Competition

38. As its third ground for relief, Plaintiff repeats and realleges paragraphs 1 through 25 of count 1 herein and Paragraphs 26-37 of Count 2.

39. Plaintiff's trademark GAMELINK has become uniquely associated with and hence identifies Plaintiff. Defendant's interstate use of the designation "GAMELINKK.COM" is a use of a false designation of origin, a misleading representation that wrongfully and falsely designates defendant's products and services as originating from or connected with Plaintiff, and constitutes utilizing false descriptions or representations in interstate commerce.

40. These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants web site with Plaintiff's, web site or as to the origin, sponsorship, or approval of Defendants web site by Plaintiff. Defendant's said acts are in violation of 15 U.S.C. § 1125(a).

## COUNT 4
### Federal Dilution

41. As its fourth ground for relief, Plaintiff repeats and realleges paragraphs through 25 of Count 1 herein and Paragraphs 26-37 of Count 2 and paragraphs 39 and 40 of Count 3.

42. The Plaintiffs mark GAME LINK has become famous for over a decade and is distinctive in the market as to the services Plaintiff provides, since 1993 and under the URL "gamelink.com" since 1995.

43. Plaintiff has spend millions of dollars and thousands of hours branding and establishing its mark internationally, and is extremely famous in the industry its services that include the online sales and delivery, fulfillment of goods, provision of videos online and many other high quality and dependable discreet online shopping services for adults.

44. Defendants and each of them are making unauthorized use of Plaintiffs trademark in commerce and for commercial purposes to attract Plaintiff's potential customers who happen to mistype the name GAMELINK.COM as "gamelinkk.com."

45. Because Defendants use of the URL gamelinkk.com is used to divert customers to Defendants site offering essentially the same class of goods, and due to the cheap and simple appearance of the Defendants web site, with

offerings of poorer quality and less selection than Plaintiff, among other facts, Defendants are tarnishing Plaintiff's reputation in the market.

46. The Defendants use of the URL "gamelinkk.com" has caused and continues to cause a lessening of the capacity of its famous mark GAME LINK ® to identify and to distinguish Plaintiff's services and goods from those of others pursuant to *15 U.S.C. Sec. 1127 and 1125(c)*.

## COUNT 5
## Common Law Unfair Competition and "Passing Off"

47. As its fifth ground for relief, Plaintiff repeats and realleges paragraphs through 25 of Count 1 herein and Paragraphs 26-37 of Count 2.

48. Defendants by their acts as alleged herein have engaged in unfair, unlawful and fraudulent business practices and unfair competition with Plaintiff in violation of California and federal common law principals.

49. By virtue of defendant's acts, hereinabove pleaded, Defendants are "passing off" their website as that of Plaintiff.

## COUNT 6
## California Statutory Unfair Competition

50. As its sixth ground for relief, Plaintiff repeats and realleges paragraphs through 25 of Count 1 herein and Paragraphs 26-37 of Count 2.

51. Defendants by their acts as alleged herein have engaged in unfair, unlawful and fraudulent business practices and unfair competition with Plaintiff in violation of *California Business & Professions Code Sec. 17200* et seq.

## COUNT 7
### California Anti-Dilution

52. As its seventh ground for relief, Plaintiff repeats and realleges paragraphs through 25 of Count 1 herein and Paragraphs 26-37 of Count 2 and paragraph 39 and 40 of Count 3.

53. Defendant's acts, hereinabove pleaded, have caused and there exists likelihood of injury to Plaintiff's business reputation and of dilution of the distinctive quality of Plaintiff's mark and forms of advertisement, all violations of *California Business & Professions Code Sec. 14330.*

WHEREFORE, Plaintiff demands:

1. That defendant, its officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with it be forthwith preliminary and thereafter permanently enjoined and restrained from:

    a. Using the trademark GAMELINKK.COM or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component URL or otherwise, to market, advertise or identify defendant's online sales of adult entertainment products or related products;

    b. Otherwise infringing Plaintiff's mark;

    c. Unfairly competing with Plaintiff in any manner whatsoever; and

    d. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's symbols, labels, or forms of advertisement.

2. That defendant be directed to file with this Court and serve of Plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which defendant has complied with the injunction.

3. That defendant be required to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designation.

4. That Defendants and their URL Registrar be ordered to transfer full registration of the URL www.gamelinkk.com to Plaintiff.

5. That Plaintiff be awarded defendant's trademark infringement profits after an accounting.

6. That Plaintiff be awarded statutory damages under the Lanham Act including, but not limited to, §32 (15 U.S.C. §1114).

7. That Plaintiff be awarded statutory damages under the Lanham Act including, but not limited to, *Lanham Act §35 (15 U.S.C. §1117)* including defendant's profits, any damages sustained by the plaintiff.

8. That Plaintiff be awarded statutory damages including, but not limited to, the costs of the action, a judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee, due to violations of *Lanham Act Section 32(1)*.

9. That Plaintiff be awarded damages costs of the action and attorney fees under California Business & Professions Code Sections *17200 – 17210 et seq., 14330* et seq.

10. That Plaintiff be awarded damages, costs of the action and attorney fees for common law, state and Federal unfair competition and passing off in the

amount of $5,000,000.00. for, including, but not limited to, damaged reputation, loss of business and costs of remedial advertising.

11. That Plaintiff have and recover costs in this suit.

12. That Plaintiff have such other and further relief as the Court may deem just.

Dated 4 December 2003

_____
Philip R. Green
Green & Green
1000 Fourth Street, Suite 595
San Rafael, CA 94901

Attorney for Plaintiff Game Link, Inc.



## CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office, that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are a part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



Commissioner of Patents and Trademarks

EXHIBIT 1

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,206,576
Registered Dec. 1, 1998

## SERVICE MARK
## PRINCIPAL REGISTER

## GAME LINK

GAME LINK, INC. (CALIFORNIA CORPORATION)
330 TOWNSEND ST, STE. 123
SAN FRANCISCO, CA 941071630

FOR: ELECTRONIC AND ONLINE RETAILING SERVICES BY MEANS OF A GLOBAL COMPUTER NETWORK, FEATURING PRODUCTS FOR ADULTS, NAMELY, VIDEOS, CD-ROMS, FILMS, BOOKS, RUBBER GOODS AND ADULT TOYS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 2-20-1993; IN COMMERCE 2-20-1993.

SER. NO. 75-272,430, FILED 4-10-1997.

ANTHONY R. MASIELLO, EXAMINING ATTORNEY





- Thousands of in-stock products include straight and gay adult DVDs, adult toys, Video On Demand and hardcore websites
- Secure shopping
- Customer DVD reviews
- Low shipping rates on all adult titles
- Extensive search function
- Enlarged view of DVD cover art
- Discreet service
- And become a "Club Member" and receive advance word of our movie promotions and DVD discounts!

## WARNING

3. I will not redistribute this material to anyone nor will I permit any minor to see this material, or any other person who might find such material personally



EXHIBIT 2